UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW BUHL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOE, et al., <br><br> Defendants. | CASE NO. C09-0598-JCC <br><br><br> MINUTE ORDER |

The following Minute Order is made at the direction of the Court, the Hon. Mary Alice Theiler, United States Magistrate Judge:

Plaintiffs' motion for leave to proceed *in forma pauperis* (IFP) (Dkt. 1) is deficient. Plaintiff Matthew Buhl submitted a single IFP application, containing information particular to himself. However, the application and proposed complaint reflect the inclusion of five different plaintiffs in this matter. The Court cannot consider a request to proceed IFP without consideration of each plaintiff's ability to pay filing fees. Additionally, while plaintiff Buhl reflects on his application that he receives disability or workers compensation payments, he fails to specify whether those payments occur on a monthly basis or took the form of a single payment. Plaintiff Buhl and the other named plaintiffs[1] are directed to complete and return

---

[1] Two of the five named plaintiffs are listed as Jane Doe and John Doe. Pursuant to Federal Rule of Civil Procedure 10(a), a complaint "must name all the parties[.]" While the Court could consider a motion to proceed anonymously given "special circumstances," it is unclear whether the Doe plaintiffs named herein are attempting to

MINUTE ORDER
PAGE 1

individual, complete applications within **twenty (20) days** of the date of this Minute Order. Failure to comply with this directive in a timely manner may result in denial of plaintiffs' motion to proceed IFP. The Clerk is directed to send a copy of this Minute Order and of this Court's standard forms to plaintiffs.

DATED this 6 day of May, 2009.

BRUCE RIFKIN, Clerk

By: /s/ Deputy Clerk

---

do so. *See generally Doe v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) ("[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.")

MINUTE ORDER
PAGE 2